IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL ACTION

LA MINNESOTA RIVIERA, LLC.,

Plaintiff,

vs.

LAWYERS TITLE INSURANCE CORPORATION,

Defendant.

Case No. 07-166-CA

**COMPLAINT**

Plaintiff, LA MINNESOTA RIVIERA, LLC, ("LA MINNESOTA"), by and through its undersigned counsel, hereby sues Defendant, LAWYERS TITLE INSURANCE CORPORATION ("LAWYERS TITLE"), and alleges as follows:

**JURISDICTION**

1. This is an action for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

2. LA MINNESOTA is a Minnesota company, doing business in Collier County, Florida.

3. LAWYERS TITLE is a Virginia company doing business in Collier County, Florida.

**GENERAL ALLEGATIONS**

4. On or about January 7, 2005, LA MINNESOTA, as Assignee and Purchaser, entered into an Agreement of Purchase and Sale (hereinafter the "Contract") with RGC, LLC, as Seller, to purchase certain real property located in Collier County, Florida, known as "Riviera Golf Club" (hereinafter the "Property"). A true and correct copy of the Contract

(excluding exhibits thereto, except Exhibit "A" - Legal Description) is attached hereto as **Exhibit "A"**.

5. Pursuant to paragraph 7(a) of the Contract, on January 19, 2005, Seller, by and through LAWYERS TITLE and/or their agents, provided to LA MINNESOTA a Title Commitment for the Property. A true and correct copy of the Title Commitment is attached hereto as **Exhibit "B"**. As provided in paragraph 7(a) of the Contract and/or implied by this term, the purpose of the Title Commitment was to identify matters affecting title to the Property, so that LA MINNESOTA could assert "Title Objections," as defined therein, and, if the "Title Objections" could not be remedied or corrected by Seller, so that LA MINNESOTA could terminate the Contract.

6. In satisfaction of the requirement of paragraph 7(c) of the Contract, at the closing, Seller caused LAWYERS TITLE to deliver to LA MINNESOTA a "marked-up" Title Commitment for the Property. A true and correct copy of the "marked-up" Title Commitment is attached hereto as **Exhibit "C"**. Pursuant to paragraph 7(c) of the Contract, the purpose of the "marked-up" Title Commitment was to update the status of record title of the Property to the most current date available, to delete all Title Objections agreed to by Seller, to delete any new exceptions not initially appearing in the Title Commitment and delete the gap period exception.

7. In March, 2005, LA MINNESOTA closed on the purchase of the Property and was given a Special Warranty Deed from the Seller. A true and correct copy of the Special Warranty Deed (which is dated March 4, 2005, but recorded on March 15, 2005) is attached hereto as **Exhibit "D"**.

8. Also on or about March 15, 2005, LA MINNESOTA received a Policy of Title Insurance for the Property from LAWYERS TITLE. The "Date of Policy" as identified therein is March 15, 2005 at 3:14 PM. A true and correct copy of the Policy of Title Insurance is attached hereto as **Exhibit "E"**.

9. In or about December 16, 2005, LA MINNESOTA commenced discussions and negotiations with MDG Rivera, LLC (hereinafter "MDG") regarding the sale of the Property. It was made known to LA MINNESOTA that the intent of MDG in purchasing the Property was to develop residential housing units on the Property.

10. On or about January 3, 2006, MDG prepared and delivered to LA MINNESOTA an offer (hereinafter "MDG's Offer") to purchase the Property for the purchase price of $18,000,000. A true and correct copy of MDG's Offer is attached hereto as **Exhibit "F"**.

11. Upon information and belief, after delivering MDG's Offer, MDG discovered a Warranty Deed dated June 29, 1973, which was duly recorded in the public records of Collier County, Florida at Official Records Book 538, Pages 902-904, which attached a Deed Addendum containing a restriction running with the Property, as follows:

> The Grantee covenants and agrees that the demised premises will be used as a golf course and directly related activities, and no other purpose; that the premises will be well maintained in an attractive fashion.

A true and correct copy of Warranty Deed, with Deed Addendum, is attached hereto as **Exhibit "G"**.

12. On or about January 6, 2006, MDG informed LA MINNESOTA of the Warranty Deed, with attached Deed Addendum containing a restriction running with the

Property. Prior to being placed on notice by MDG, LA MINNESOTA was not aware of the Warranty Deed, with attached Deed Addendum containing a restriction running with the Property. Also, the Title Commitment, the "marked-up" Title Commitment and LAWYERS TITLE's Policy of Title Insurance neither identified or excepted the Warranty Deed, with attached Deed Addendum containing a restriction running with the Property, as defect in or lien or encumbrance on the title to the Property.

13. On or about January 19, 2006, MDG informed LA MINNESOTA that the discussions and negotiations regarding the purchase and sale of the Property were terminated and that MDG's Offer was withdrawn.

14. On January 26, 2006, pursuant to the terms of LA MINNESOTA's Policy of Title Insurance, LA MINNESOTA prepared and served LAWYERS TITLE with a written notice of claim (hereinafter "LA MINNESOTA's Notice of Claim"). A true and correct copy of LA MINNESOTA's Notice of Claim is attached hereto as **Exhibit "H"**.

15. On or about December 12, 2006, LAWYERS TITLE denied LA MINNESOTA's claim (hereafter "LAWYERS TITLE's Claim Denial"). A true and correct copy of LAWYERS TITLE's Claim Denial is attached hereto as **Exhibit "I"**.

16. LA MINNESOTA has engaged the undersigned counsel and has agreed to pay them reasonable attorneys' fees in connection with this action. Pursuant to Section 627.428(1), Fla. Stat., upon rendition of a judgment or decree of this Court against LAWYERS TITLE, LA MINNESOTA is entitled to an award of attorney's fees against LAWYERS TITLE.

17. All conditions precedent to the institution of this action have occurred or have been waived.

**COUNT I - BREACH OF INSURANCE AGREEMENT**

18. LA MINNESOTA realleges paragraphs 1 through 17, as if fully set forth herein.

19. The Warranty Deed, with attached Deed Addendum containing a restriction running with the Property, is defect in or lien or encumbrance on the title to the Property, which was not excepted from coverage under LAWYERS TITLE's Policy of Title Insurance.

20. LA MINNESOTA suffered a loss and damage as a result of the Warranty Deed, with attached Deed Addendum containing a restriction running with the Property, which was not excepted from coverage under LAWYERS TITLE's Policy of Title Insurance.

21. Pursuant to LA MINNESOTA's Policy of Title Insurance, LAWYERS TITLE was under a duty to pay for all loss or damage sustained or incurred by LA MINNESOTA by reason of any defect in or lien or encumbrance on the title, which is not excepted from coverage under LAWYERS TITLE's Policy of Title Insurance.

22. Despite LA MINNESOTA's Notice of Claim, which was complete and timely served pursuant to the terms of LAWYERS TITLE's Policy of Title Insurance, LAWYERS TITLE breached its duty to LA MINNESOTA, by failing and refusing to pay for the loss or damage sustained or incurred by LA MINNESOTA by reason of the Warranty Deed, with attached Deed Addendum containing a restriction running with the Property.

23. As a direct and proximate result of the breach by LAWYERS TITLE as stated aforesaid, LA MINNESOTA has suffered substantial damages; including, but not limited to, the actual loss or damage sustained from the defect, lien or encumbrance affecting title

which was not excepted from the policy's coverage (i.e., diminution in market value damages), plus consequential and special damages (such as lost profits, past and future carrying expenses and operating expenses), plus pre-judgment interest at the statutory rate, and other costs and damages.

WHEREFORE, Plaintiff, LA MINNESOTA RIVIERA, LLC, demands judgment against LAWYERS TITLE INSURANCE CORPORATION, for general and special damages, plus costs, attorney's fees, and any and all other relief which this court deems just and proper.

**COUNT II - NEGLIGENCE**

24. LA MINNESOTA realleges paragraphs 1 through 17, as if fully set forth herein.

25. LAWYERS TITLE was under a duty to exercise reasonable care to advise LA MINNESOTA of the existence of all properly recorded defects in or liens or encumbrances affecting the title to the Property.

26. LAWYERS TITLE breached its duty to LA MINNESOTA by failing to advise LA MINNESOTA of the Warranty Deed, with attached Deed Addendum containing a restriction running with the Property.

27. As a direct and proximate result of the breach by LAWYERS TITLE as stated aforesaid, LA MINNESOTA has suffered substantial damages; including, but not limited to, the actual loss or damage sustained from the defect, lien or encumbrance affecting title which was not excepted from the policy's coverage (i.e., diminution in market value damages), plus consequential and special damages (such as lost profits, past and future

carrying expenses and operating expenses), plus pre-judgment interest at the statutory rate, and other costs and damages.

WHEREFORE, Plaintiff, LA MINNESOTA RIVIERA, LLC, demands judgment against LAWYERS TITLE INSURANCE CORPORATION, for general and special damages, plus costs, attorney's fees, and any and all other relief which this court deems just and proper.

Dated this 18th day of January, 2007.

CHEFFY PASSIDOMO
WILSON & JOHNSON, LLP
821 Fifth Avenue South, Suite 201
Naples, Florida 34102
Tel. 239-261-9300; Fax 239-261-9782
Attorneys for the Plaintiff

By:______________________
David A. Zulian
Florida Bar No. 711012

F:\wpdocs\LIT\zulian\LaMinnesota\Pleadings\Complaint.wpd