```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

LA MINNESOTA RIVIERA, LLC,

                Plaintiff,

vs.                              Case No. 2:07-cv-77-FtM-29DNF

LAWYERS TITLE INSURANCE CORPORATION,

                Defendant.

_____

**OPINION AND ORDER**

    This matter comes before the Court on defendant's Motion to Dismiss Amended Complaint and Request for Oral Argument (Doc. #18), filed on March 28, 2007. Plaintiff filed a Response (Doc. #20) on April 11, 2007. Also before the Court is plaintiff's Request for Judicial Notice (Doc. #19). Upon review, the Court finds that oral arguments are not warranted. Therefore, the request for oral argument will be denied.

**I.**

    In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. <u>Erickson v. Pardus</u>, 127 S. Ct. 2197 (2007); <u>Christopher v. Harbury</u>, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must

"give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing FED. R. CIV. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citations omitted); Erickson v. Pardus, 127 S. Ct at 2200; Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim. Id. Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

On or about January 7, 2005, La Minnesota Riviera, LLC (La Minnesota) entered into an Agreement to purchase real property in Collier County, Florida, known as the Riviera Golf Club for $4.8 million.  The sellers provided La Minnesota with a Title Commitment

-2-

and in due course a Policy of Title Insurance ("the Policy") was issued to La Minnesota from Lawyers Title Insurance Corporation (Lawyers Title) (Doc. #17-9, Exh. E). The purchase was completed in March 2005.

In December 2005, La Minnesota commenced negotiations to sell the property to an entity interested in placing residential housing units on the property. On or about January 3, 2006, La Minnesota received a purchase offer in the amount of $18 million. However, the prospective purchaser discovered a June 1973 Warranty Deed with an Addendum containing the following restriction to run with the land:

> The Grantee covenants and agrees that the demised premises will be used as a golf course and directly related activities, and no other purpose; that the premises will be well maintained in an attractive fashion.

(Doc. #17-11, Exh. G.) Shortly thereafter, the prospective purchaser terminated negotiations and withdrew the offer.

On or about January 26, 2006, La Minnesota filed a claim with Lawyers Title pursuant to the Policy. The claim was based on the failure of the Policy to disclose the 1973 deed restriction or identify it as an exception to the Policy. On or about December 12, 2006, the claim was denied by Lawyers Title.

La Minnesota filed a three count Amended Complaint. Count I alleges a cause of action for breach of the insurance contract for failing to pay its claim based upon the non-disclosed deed restriction. Count II alleges negligence in failing to use

reasonable care to advise La Minnesota of the deed restriction. Count III alleges negligent misrepresentation because the Title Commitment, marked-up Title Commitment, and exceptions to the Policy did not identify the deed restriction. Defendant seeks dismissal of all three counts.

### III.

It is well-settled that "a title insurance policy is not an agreement to guarantee the state of title, but is, rather, an agreement to indemnify the policy holder." Youngblood v. Lawyers Title Insurance Corp., 923 F.2d 161, 163 n.2 (11th Cir. 1991)(quoting "the leading treatise on title insurance," D. BARLOW BURKE, JR. LAW OF TITLE INSURANCE, § 1.3.1 at 18 (1986)). See also Lawyers Title Ins. Co. v. Synergism One Corp., 572 So. 2d 517, 518 (Fla. 4th DCA 1991)("A title policy indemnifies rather than guarantees the state of the insured title.") In this case, subject to certain Exclusions and Exceptions from coverage, the Policy of Title Insurance (Doc. #17-9) requires Lawyers Title to insure La Minnesota against loss or damages, not to exceed $4.8 million, sustained or incurred by reason of, among other things, any defect in or lien or encumbrance on the title. The Exceptions contained in Schedule B of the Policy identifies thirteen items which were not insured, but did not except the 1973 deed restriction limiting

the property to use as a golf course and directly related activities.

**A.**

Lawyers Title argues that the negligence counts are barred as a matter of law because Florida does not recognize a cause of action for negligence against a title insurer, and that relief is limited to a contract action. At one point, the Florida intermediate appellate courts were clear that a title insurance company, like a title abstractor, could be liable for both breach of contract claims and negligence claims. Safeco Title Ins. Co. v. Reynolds, 452 So. 2d 45, 48 (Fla. 2d DCA 1984); Shada v. Title & Trust Co. of Fla., 457 So. 2d 553, 557 (Fla. 4th DCA 1984). The Florida Supreme Court, however, consistently found that the liability of a title abstractor was in contract, not tort. Sickler v. Indian River Abstract & Guar. Co., 195 So. 195, 197-98 (Fla. 1940); Erskine Fla. Props., Inc. v. First Am. Title Ins. Co. of St. Lucie County, Inc., 557 So. 2d 859, 860 (Fla. 1989); First Am. Title Ins. Co. v. First Title Serv. Co. of the Fla. Keys Inc., 457 So. 2d 467, 472 (Fla. 1984). Despite these cases, at least one intermediate Florida appellate court has declined to follow Erskine in cases where the parties were in privity, and has allowed both contract and tort claims in that situation. Crawford v. Safeco Title Ins. Co., 585 So. 2d 952, 955 (Fla. 1st DCA 1991). More recently, Chicago Title Ins. Co. v. Commonwealth Forest Invs., Inc., 494 F. Supp. 2d 1332, 1337-38 (M.D. Fla. 2007), found that

under Florida law there was no independent negligence claim in connection with a title insurance policy, only a breach of contract claim, even when the parties are in privity.

The Court agrees that the liability of a title insurance company under Florida law sounds only in contract, and not in a tort action such as negligence. Therefore, Count II will be dismissed. Count III, however, includes allegations beyond a breach the contract, and alleges false statements in the Title Commitment, marked-up Title Commitment, and the Policy. The portion of Count III which relies upon the Policy will be dismissed as an improper tort action. The portion of Count III based on false statements in the other documents will be allowed to proceed.

**B.**

The Title Insurance Policy does not allow an action in negligence. The Title Insurance Policy includes the language "Any claim of loss or damage, whether or not based on negligence, and which arises out of the status of the title to the estate or interest covered hereby or by any action asserting such claim, shall be restricted to this policy." (Doc. #17-9, ¶15(b)). In Chicago Title, 494 F. Supp. 2d at 1337-38, the Court found identical language to mean that only a breach of contract claim was possible, not a negligence claim. The Court agrees as to Count II.

**C.**

Defendant argues that the negligence counts are barred by Florida's economic loss rule. "The economic loss rule is a

judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." Indemnity Ins. Co. of N. Am. v. American Aviation, Inc., 891 So. 2d 532, 536 (Fla. 2004), answer to certified question conformed to 399 F.3d 1275 (11th Cir. 2005). See also Jones v. Childers, 18 F.3d 899, 904 (11th Cir. 1994)(citing Interstate Sec. Corp. v. Hayes Corp., 920 F.2d 769, 773 (11th Cir. 1991)). In the context of contractual privity, the economic loss rule "is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." American Aviation, 892 So. 2d at 536. One of the recognized exceptions, however, permits a tort action where the tort was committed independently of the contract breach. American Aviation, 892 So. 2d at 537, 543.

The Court finds that the negligence claim in Count II is barred by the economic loss rule, but that the negligent misrepresentation claim in Count III is an independent tort not barred by the rule. Therefore, the motion to dismiss will be granted as to Count II and denied as to Count III.

**D.**

Defendant argues that Count III is deficiently pled. To state a claim for negligent misrepresentation, plaintiff must allege: (1) a misrepresentation of material fact; (2) that defendant knew of the misrepresentation, made the misrepresentation without knowledge

of its truth or falsity, or should have known the representation was false; (3) that defendant intended to induce another to act on the misrepresentation; and (4) that an injury resulted in justifiable reliance upon the misrepresentation. Atlantic Nat'l Bank of Fla. v. Vest, 480 So. 2d 1328, 1331-32 (Fla. 2d DCA 1985)(citations omitted). Plaintiff alleges, in the Amended Complaint (Doc. #17, ¶¶ 28-36) that defendant was under a duty to perform services in a diligent and reasonably skillful workmanlike manner; that it was reasonably foreseeable that plaintiff would rely upon the information provided by defendant to be accurate; that the reliance was justified; that the Title Commitment, marked-up Title Commitment, and Title Insurance Policy failed to identify the Addendum and therefore were false; and plaintiff suffered damages as a direct and proximate result. The Court finds that plaintiff has adequately stated a claim for negligent misrepresentation.

**E.**

Finally, defendant asserts that Count I must fail because plaintiff failed to sustain actual loss or damage. Plaintiff has pled actual damages, and such damages are legally possible regardless of the lost sale. "Title defects and liens directly and adversely affect the property owner because the owner is entitled to the full market value of the property and that value is immediately reduced by outstanding title defects and liens." CMEI, Inc. v. American Title Ins. Co., 447 So. 2d 427, 428 (Fla. 5th DCA

1984). Lost profits may also be recoverable. <u>Reynolds</u>, 452 So. 2d at 48. Accordingly, under the motion to dismiss standards set forth above, Count I is adequately pled.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's Request for Judicial Notice (Doc. #19) is **GRANTED**.

2. Defendant's Request for Oral Argument (Doc. #18) is **DENIED**.

3. Defendant's Motion to Dismiss Amended Complaint (Doc. #18) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent that Count II is dismissed and is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of October, 2007.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record