UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NO.: 2:07-cv-77-FtM-29DNF

LA MINNESOTA RIVIERA, LLC,

    Plaintiff,

v.

LAWYERS TITLE INSURANCE CORPORATION,

    Defendant.

_____

LAWYERS TITLE INSURANCE CORPORATION,

    Defendant/Third Party Plaintiff,

v.

RGC, LLC, and CHARLES K. STAPLES,

    Third Party Defendants.

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## AS TO COUNT I OF AMENDED COMPLAINT AND THIRD PARTY COMPLAINT

Defendant, Lawyers Title Insurance Corporation ("Lawyers Title"), answers Count I of

Plaintiff's, La Minnesota Riviera, LLC ("La Minnesota"), Amended Complaint,[1] as follows:

---

[1] On October 15, 2005, this Court dismissed Count II for Negligence (Doc. #33). On October 25, 2007, Lawyers Title filed Defendant's Motion for Partial Reconsideration or Clarification of Opinion and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Amended Complaint and Supporting Memorandum of Law and Request for Oral Argument (Doc.# 37) regarding Count III for Negligent Misrepresentation.

1

## JURISDICTION

1. Lawyers Title admits the allegations of paragraph 1 for jurisdictional purposes only. Lawyers Title is without knowledge as to all other allegations in paragraph 1.

2. Lawyers Title admits the allegations of paragraph 2 for jurisdictional purposes only. Lawyers Title is without knowledge as to all other allegations in paragraph 2.

3. Lawyers Title admits the allegations in paragraph 3 only to the extent that it does business in Collier County. Lawyers Title denies all other allegations in paragraph 3.

## GENERAL ALLEGATIONS

4. Lawyers Title is without knowledge of and therefore denies the allegations in paragraph 4.

5. Lawyers Title admits the allegations in paragraph 5 only to the extent that a true and correct copy of the Title Commitment is attached as Exhibit "B" to the Amended Complaint. Lawyers Title is without knowledge of and therefore denies the other allegations and implications in paragraph 5.

6. Lawyers Title admits the allegations in paragraph 6 only to the extent that a true and correct copy of the "marked-up" Title Commitment is attached as Exhibit "C" to the Amended Complaint. Lawyers Title is without knowledge of and therefore denies all other allegations and implications in paragraph 6.

7. Lawyers Title admits the allegations in paragraph 7 only to the extent that a true and correct copy of the Special Warranty Deed is attached as Exhibit "D" to the Amended Complaint. Lawyers Title is without knowledge of and denies all other allegations and implications in paragraph 7.

8. Lawyers Title admits that it issued a Policy of Title Insurance for the Property to La Minnesota, a copy of which is attached as Exhibit "E" to the Amended Complaint. Lawyers Title is without knowledge of and therefore denies all other allegations and implications in paragraph 8.

9. Lawyers Title is without knowledge of and therefore denies the allegations of paragraph 9.

10. Lawyers Title is without knowledge of and therefore denies the allegations of paragraph 10.

11. Lawyers Title admits the allegations in paragraph 11 only to the extent that a true and correct copy of the Warranty Deed, with Deed Addendum, is attached as Exhibit "G" to the Amended Complaint. Lawyers Title is without knowledge of and therefore denies all other allegations and implications in paragraph 11.

12. Lawyers Title admits the allegations in paragraph 12 only to the extent that the Title Commitment, "marked-up" Title Commitment and Policy of Title Insurance neither identified nor excepted the Deed Restriction as a defect in or lien or encumbrance on the title to the Property. Lawyers Title is without knowledge of and therefore denies all other allegations and implications in paragraph 12.

13. Lawyers Title is without knowledge of and therefore denies the allegations of paragraph 13.

14. Lawyers Title admits the allegations of paragraph 14.

15. Lawyers Title denies the allegations in paragraph 15 that Exhibit "I", the December 12, 2006 letter from Lawyers Title's counsel to La Minnesota's counsel, is a denial

of Plaintiff's claim. Rather, such letter is an explanation of the investigation of the claim by Lawyers Title, a request by Lawyers Title to undertake a diminution of value appraisal of the Property with and without the Restrictive Covenant, and a request for further information from the La Minnesota with regard to the investigation and determination that no actual loss or damage had occurred under the Policy. Lawyers Title is without knowledge of and denies all other allegations and implications in paragraph 15.

16. Lawyers Title is without knowledge of and therefore denies the allegations of paragraph 16.

17. Lawyers Title is without knowledge of and therefore denies the allegations of paragraph 17.

## COUNT I - BREACH OF INSURANCE AGREEMENT

18. Lawyers Title realleges its answers to paragraph 1 through 17.

19. Lawyers Title denies the allegations in paragraph 19 and affirmatively alleges that the Policy of Title Insurance speaks for itself.

20. Lawyers Title denies the allegations in paragraph 20.

21. Lawyers Title denies the allegations in paragraph 21.

22. Lawyers Title denies the allegations in paragraph 22.

23. Lawyers Title denies the allegations in paragraph 23.

24. Lawyers Title denies all other allegations and implications not specifically admitted, denied or otherwise controverted above.

## AFFIRMATIVE DEFENSES

25. **Failure to Satisfy Conditions Precedent.** La Minnesota's claim is barred as it failed to allow Lawyers Title to commission a diminution of value appraisal of the property with and without the Restrictive Covenant prior to filing this suit. Further, as part of its pre-suit claim, La Minnesota failed to provide any evidence of actual monetary loss or damage as required by the Policy of Title Insurance.

26. **No Causation.** La Minnesota's claim is barred as the actions or inactions of Lawyers Title are not the proximate cause of La Minnesota's alleged damages.

27. **No Damages.** La Minnesota's claim is barred, in whole or in part, as it has not suffered actual monetary loss or damage as required by the Policy. La Minnesota continues to own and use the Property as a golf course, and has suffered no loss or damage as a result of the alleged breach.

28. **Claim Not Ripe - Zoning Restricted to Golf Course Use.** La Minnesota's claim is barred and is not ripe as a result of the zoning restriction imposed by Collier County on the Property. The Property is zoned as Golf Course, which is consistent with the Restrictive Covenant. Any change in the use of the Property from a golf course to work-force housing would necessarily require a change in zoning, which La Minnesota has not undertaken, and which is speculative. Unless and until La Minnesota changes the zoning for the Property, its claim has not accrued. Further, zoning matters are excluded from coverage, as set forth more particularly in paragraph 30, *infra*.

29. **Claim Not Ripe - No Contract with MDG.** La Minnesota's claim is barred as not ripe. The alleged "offer" to purchase the Property by MDG Riviera, LLC ("MDG"), which

is relied upon by La Minnesota in its Amended Complaint, is unsigned and contains significant conditions precedent. The unsigned "offer" contained a long due diligence period, including extension options, and allowed MDG to withdraw from the "offer" for numerous reasons, including for zoning, water management issues, and other matters. The "offer" was expressly contingent on a rezoning, "allowing construction of not less than 700 residential housing units," and approvals by the South Florida Water Management District and possible reconfiguration of lakes and water management systems. La Minnesota alleges that discussions with MDG terminated in January, 2006. The unsigned "offer" failed to ripen into an actual, enforceable offer or Contract for Purchase and Sale.

30. **Excluded Claim - Paragraph 1 of the Exclusions from Coverage Under the Policy.** La Minnesota's claim is barred by Paragraph 1 of the Exclusions From Coverage in the Policy, which provides, in pertinent part:

> The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:
>
> (a) Any law, ordinance or governmental regulation (including but not limited to zoning laws) restricting, regulating, prohibiting or relating to (I) occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land;
>
> (b) Any governmental police power not excluded by (a) above;

As the zoning for the Property is entirely consistent with the claimed defect in title, the Deed Restriction, the matter is excluded from coverage.

31. **Excluded Claim - Paragraph 3(c) of the Exclusions from Coverage Under the Policy.** La Minnesota's claim is barred by Paragraph 1 of the Exclusions From Coverage in the Policy which provides an exclusion for:

> Defects, liens, encumbrances, adverse claims or other matters:
>
> * * *
>
> (c) resulting in no loss or damage to the insured claimant.

As the zoning for the Property is entirely consistent with the claimed defect in title, the Deed Restriction, La Minnesota has not suffered any loss or damage as a result of the defect, and the matter is excluded from coverage.

32. **Speculative Damages.** La Minnesota's claim is barred as its damages are speculative. La Minnesota has not suffered an actual monetary loss or damage caused by a covered defect, as required by the Policy. The zoning of the Property remains consistent with the restriction on use, and La Minnesota never received an enforceable offer. As both a change in zoning and an enforceable contract are speculative, as of this time, any loss by La Minnesota is speculative.

33. **Failure to Mitigate.** La Minnesota's claim is barred as it failed to mitigate its alleged damages. There are no allegations that La Minnesota attempted to sell the Property at its current use or attempted to change the zoning of the Property from Golf Course to a different use.

34. **Improper Calculation of Damages.** La Minnesota's claim is barred as its alleged damages are limited by Paragraph 7 of the Policy. Pursuant to the Policy, damages are

calculated based upon the diminution of value of the Property with and without the Restrictive Covenant.

35. **The Claim is Excepted from Coverage and La Minnesota Was on Notice of Restrictive Use of the Property.** La Minnesota's claim is barred as the limitation on use of the Property as a Golf Course is limited by an exception in the Policy and La Minnesota was on notice of the restricted use of the Property. The Policy contains an exception for a Drainage and Golf Course Easement which was recorded on January 18, 1995 in Official Records Book 2021, page 743 of the Public Records of Collier County, Florida, and sets forth, in pertinent part, that such easement is a "perpetual, non-exclusive easement, license, and privilege to enter upon and maintain drainage facilities and a golf course on the following described land. . ." [legal description omitted].

36. **Third Party Liability.** To the extent that Lawyers Title is found liable for La Minnesota's claims, Lawyers Title's liability is due to the intervening and superceding acts of third parties, as set forth in the Third Party Complaint filed contemporaneously with this Answer and Affirmative Defenses.

**THIRD PARTY COMPLAINT**

Defendant/Third Party Plaintiff, Lawyers Title Insurance Corporation ("Lawyers Title"), sues Third Party Defendants, RGC, LLC ("RGC") and Charles K. Staples ("Staples"), and alleges:

**Parties, Jurisdiction and Venue**

1. Lawyers Title is a Nebraska corporation doing business in Collier County, Florida, within the Middle District of Florida.

2. RGC is an administratively dissolved Florida limited liability company with its principal place of business in Collier County, Florida, within the Middle District of Florida. RGC was administratively dissolved by the Florida Secretary of State on September 15, 2006.

3. Staples is the Sole Manager of RGC, a resident of Martin County, Florida, and is otherwise *sui juris*.

4. This Court has original jurisdiction pursuant to 28 U.S.C. §1332, as it involves citizens of different states. In addition, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367, as the third party claims are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution. The amount in controversy in the third party claims exceed the sum or value of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391, because the events giving rise to this action occurred in the Middle District of Florida, and RGC resides in the Middle District of Florida.

6. This is an action for damages against RGC and Staples for negligent misrepresentation in an Affidavit (Lien and Possession) in conjunction with the transfer of real property located in Collier County, Florida.

**General Allegations**

7. At all material times, Staples was the sole Manager of RGC.

8. On January 7, 2005, La Minnesota, as Assignee and Purchaser, entered into an Agreement of Purchase and Sale ("Contract") with RGC, as Seller, to purchase certain real property in Collier County known as Riviera Golf Club ("Property").

9. On February 28, 2005, in connection with and as an inducement for Lawyers Title to issue an Owner's Title Insurance Policy with respect to the Property, RGC and Staples executed and delivered an Affidavit (Lien and Possession) ("Affidavit"), a copy of which is attached as Exhibit 1.

10. Paragraphs 7 and 9 of the Affidavit provide, in pertinent part:

> That to Affiant's knowledge, except for items to be paid at Closing, there are no claims, demands, contract rights, liens or judgments outstanding against the Property and that Seller is not indebted to anyone for the Property.
>
> * * *
>
> That this Affidavit . . . is also made for the purpose of inducing Lawyers Title Insurance Corporation to issue an Owner's Title Insurance Policy insuring Buyer and to eliminate certain exceptions.

11. On March 4, 2005, RGC transferred the Property to La Minnesota pursuant to a Special Warranty Deed which was recorded in Official Records Book 3753, page 1455 of the Public Records of Collier County, Florida.

12. In the underlying case, La Minnesota asserts claims against Lawyers Title for Breach of Insurance Agreement (Count I) and Negligent Misrepresentation (Count III)[2], and alleges the following:

    a. On or about March 15, 2005, in connection with the transfer of the Property from RGC, La Minnesota received from Lawyers Title a Policy of Title Insurance. Amended Complaint, ¶ 8, Ex. E. A copy of the Amended Complaint without its exhibits is attached as Exhibit 2.

---

[2] On October 15, 2007, the Court dismissed Count II for Negligence (Doc.#33).

   b.   In December 2005, La Minnesota commenced discussions and negotiations with MDG Riviera, LLC ("MDG") regarding a potential sale of the Property. Amended Complaint, ¶ 9.

   c.   On or about January 3, 2006, MDG prepared and delivered to La Minnesota an offer. Amended Complaint, ¶ 10, Ex. F.

   d.   Soon thereafter, MDG discovered a warranty deed dated June 29, 1973, which contained a deed addendum containing a restrictive covenant that provides:

> The Grantee covenants and agrees that the demised premises will be used as a golf course and directly related activities, and no other purpose; that the premises will be well maintained in an attractive fashion.

("Restrictive Covenant"), which deed was recorded on July 6, 1973 in Official Records Book 538, page 902 of the Public Records of Collier County, Florida. Amended Complaint, ¶ 11.

   e.   Neither the Title Commitment nor the Policy identified or excepted the Warranty Deed with the Restrictive Covenant as a defect in or lien or encumbrance on the title to the Property. Amended Complaint, ¶ 12.

   f.   On January 19, 2006, MDG informed La Minnesota that the discussions and negotiations were terminated. Amended Complaint, ¶ 13.

   g.   La Minnesota submitted a claim under the Policy as a result of the Restrictive Covenant. Amended Complaint, ¶ 14, Ex. H.

   h.   Lawyers Title denied the claim. Amended Complaint, ¶ 15, Ex. I.

13.   RGC knew or should have known that the Restrictive Covenant was a claim or a contract right which was outstanding against the Property.

14. Staples knew or should have known that the Restrictive Covenant was a claim or a contract right which was outstanding against the Property.

15. All conditions precedent to the filing of this action have been performed, waived or otherwise satisfied.

## Count I
## Negligent Misrepresentation
### (as to RGC)

16. Lawyers Title realleges paragraphs 1 through 15.

17. RGC negligently misrepresented material facts with regard to the status of title in the Affidavit by failing to disclose the Restrictive Covenant.

18. RGC knew or should have known that the statements it made in the Affidavit were false.

19. RGC knew that Lawyers Title would rely on the material misrepresentations in the Affidavit in order to induce Lawyers Title to insure title to the Property in favor of La Minnesota.

20. Lawyers Title justifiably and detrimentally relied on RGC's representations as set forth in the Affidavit.

21. Lawyers Title has been sued by La Minnesota in the underlying action and may be liable to La Minnesota for damages as a result of RGC's material misrepresentations.

22. Lawyers Title is entitled to recover its damages for the harm which may be suffered by it as a result of the material misrepresentations made by RGC in the Affidavit.

WHEREFORE, Defendant/Third Party Plaintiff, Lawyers Title Insurance Corporation, demands judgment against RGC, LLC, for damages in an amount in access of the jurisdictional

limitation of this Court, interest, court costs, and such other and further relief this Court deems just and proper.

### Count II
### Negligent Misrepresentation
### (against Staples, individually)

23. Lawyers Title realleges paragraphs 1 through 15.

24. This is an action for negligent misrepresentations made by Staples in the Affidavit.

25 Staples negligently misrepresented material facts with regard to the status of title in the Affidavit by failing to disclose the Restrictive Covenant.

26. Based upon the Restrictive Covenant, Staples knew or should have known that the statements it made in the Affidavit were false.

27. Staples knew that Lawyers Title would rely on the material misrepresentations in the Affidavit in order to induce Lawyers Title to insure title to the Property in favor of La Minnesota.

28. Lawyers Title justifiably and detrimentally relied on Staples' representations as set forth in the Affidavit.

29. Lawyers Title has been sued by La Minnesota in the underlying action and may be liable to La Minnesota for damages as a result of Staples' material misrepresentations.

30. Lawyers Title is entitled to recover its damages for the harm which may be suffered by it as a result of the material misrepresentations made by Staples in the Affidavit.

WHEREFORE, Defendant/Third Party Plaintiff, Lawyers Title Insurance Corporation, demands judgment against Charles K. Staples, individually, for damages in an amount in access

CASE NO.: 2:07-cv-77-FtM-29DNF

of the jurisdictional limitation of this Court, interest, court costs, and such other and further relief this Court deems just and proper.

Dated this 2nd day of November, 2007.

>By:   s/ Cary A. Lubetsky, Esq.
>Cary A. Lubetsky, Esq.
>Florida Bar No. 961360
>Aniella Gonzalez, Esq.
>Florida Bar No. 547484
>Attorneys for Defendant, Lawyers Title Insurance Corporation
>KRINZMAN, HUSS & LUBETSKY
>1111 Brickell Avenue, Suite 2915
>Miami, Florida 33131
>Telephone: (305) 854-9700
>Facsimile: (305) 854-0508
>E-mail: cal@khllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and that notice was sent to the following CM/ECF participants: David A. Zulian, Esq., and Andrew H. Reiss, Esq., Cheffy Passidomo, Wilson & Johnson, LLP, 821 Fifth Avenue South, Suite 201, Naples, FL 34102.

>By:   s/ Cary A. Lubetsky, Esq.
>Cary A. Lubetsky, Esq.
>Florida Bar No. 961360

14