UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LA MINNESOTA RIVIERA, LLC,

Plaintiff,

v.

LAWYERS TITLE INSURANCE CORPORATION,

Defendant.

---

LAWYERS TITLE INSURANCE CORPORATION,

Third Party Plaintiff,

v.

RGC, LLC, and CHARLES K. STAPLES,

Third Party Defendants.

Case No. 2:07-cv-77-FtM-29DNF

**ANSWER AND AFFIRMATIVE DEFENSES OF THIRD PARTY DEFENDANTS RGC, LLC AND CHARLES K. STAPLES TO THIRD PARTY COMPLAINT**

Third Party Defendants, RGC, LLC and Charles K. Staples (collectively, "Third Party Defendants"), through their undersigned counsel, hereby answer and defend against the defendant/third party plaintiff, Lawyers Title Insurance Corporation's ("Lawyers Title") Third Party Complaint herein (the "Complaint") [Docket No. 38], by correspondingly numbered paragraphs, as follows:

**Parties, Jurisdiction and Venue**

1. The Third Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny same.

2. Admitted.

3. Admitted only that Third Party Defendant, Charles K. Staples was a manager of RGC, LLC. Otherwise denied.

4. Denied, except admitted only that, based upon the claims alleged in the Complaint, and the purported factual basis of those claims, the Court has jurisdiction over this action.

5. Denied, except admitted only that, based upon the claims alleged in the Complaint, and the purported factual basis of those claims, venue appears to be proper in this Court.

6. Paragraph 6 of the Complaint is Lawyers Title's characterization of its purported action, to which no response is required. To the extent that it is deemed to be an allegation of fact, it is hereby denied. Without limitation of the foregoing, the Third Party Defendants deny specifically that the Complaint adequately sets forth any such action, or that Lawyers Title is entitled to any relief from or against the Third Party Defendants.

**General Allegations**

7. Admitted only that Third Party Defendant, Charles K. Staples was a manager of RGC, LLC. Otherwise, denied.

8. The Contract referenced in paragraph 8 of the Complaint, being a written instrument, is the best evidence of its content. Accordingly, the Third Party Defendants deny any and all of the allegations set forth in this paragraph to the extent that such allegations are inconsistent with the actual provisions of the Contract.

9. The Affidavit referenced in paragraph 9 of the Complaint, being a written instrument, is the best evidence of its content. Accordingly, the Third Party Defendants deny

any and all of the allegations set forth in this paragraph to the extent that such allegations are inconsistent with the actual provisions of the Affidavit.

10. The Affidavit referenced in paragraph 10 of the Complaint, being a written instrument, is the best evidence of its content. Accordingly, the Third Party Defendants deny any and all of the allegations set forth in this paragraph to the extent that such allegations are inconsistent with the actual provisions of the Affidavit.

11. The Special Warranty Deed referenced in paragraph 11 of the Complaint, being a written instrument, is the best evidence of its content. Accordingly, the Third Party Defendants deny any and all of the allegations set forth in this paragraph to the extent that such allegations are inconsistent with the actual provisions of the Special Warranty Deed.

12. The complaint filed herein by the plaintiff La Minnesota Riviera, LLC ("La Minnesota") against Lawyers Title referenced in paragraph 12 of the Complaint, being a written instrument, is the best evidence of its content. Accordingly, the Third Party Defendants deny any and all of the allegations set forth in this paragraph to the extent that such allegations are inconsistent with the actual provisions of the document reference in paragraph 12.

13. Denied.

14. Denied.

15. Denied, in that Lawyers Title is not entitled to any relief from, or with respect to, the Third Party Defendants. Accordingly, no "conditions precedent" as described in this paragraph, have occurred, been performed or have been waived.

**Count I**
**Negligent Misrepresentation**
**(as to RGC)**

16. The Third Party Defendants restate and incorporate by reference their responses to paragraphs 1 through 15 above.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied

WHEREFORE, the Third Party Defendants deny that Lawyers Title is entitled to the relief requested in its unnumbered *ad damnum* paragraph, or to any relief whatsoever. Accordingly, the Third Party Defendants respectfully request that the Court enter its Order (a) denying Lawyers Title's claims in their entirety; (b) awarding the Third Party Defendants the costs of this action; and (c) granting such other and further relief as the Court deems proper.

**Count II**
**Negligent Misrepresentation**
**(against Staples, individually)**

23. The Third Party Defendants restate and incorporate by reference their responses to paragraphs 1 through 15 above.

24. Paragraph 25 of the Complaint is Lawyers Title's characterization of its purported action, to which no response is required. To the extent that it is deemed to be an allegation of fact, it is hereby denied. Without limitation of the foregoing, the Third Party Defendants deny specifically that the Complaint adequately sets forth any such action, or that Lawyers Title is entitled to any relief from or against the Third Party Defendants.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

WHEREFORE, the Third Party Defendants deny that Lawyers Title is entitled to the relief requested in its unnumbered *ad damnum* paragraph, or to any relief whatsoever. Accordingly, the Third Party Defendants respectfully request that the Court enter its Order (a) denying Lawyers Titles's claims in their entirety; (b) awarding the Third Party Defendants the costs of this action; and (c) granting such other and further relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a proper third party claim under Rule 14 of the Federal Rules of Civil Procedure in that the claims alleged against the Third Party Defendants by Lawyers Title in the Complaint are not derivative of, or secondary to, the claims asserted against Lawyers Title by La Minnesota in the main action herein.

### Second Affirmative Defense

The damages, if any, suffered by Lawyers Title were proximately caused and contributed to by the fault, neglect, or other acts of Lawyers Title, which fault, neglect, or other acts serve to bar or diminish the recovery of Lawyers Title. Specifically, Lawyers Title undertook its own independent investigation of the title to the property at issue herein and failed to discover the restrictive covenant that forms the basis of La Minnesota's action against Lawyers Title. In connection with this defense and otherwise, the Third Party Defendants specifically plead the defense of comparative negligence on the parts of Lawyers Title.

### Third Affirmative Defense

In issuing its title commitment to La Minnesota, Lawyers Title conducted its own independent investigation of the title to the property at issue herein. Accordingly, Lawyers Title is charged with knowledge of the restrictive covenant that forms the basis of La Minnesota's

action against Lawyers Title and, as such, Lawyers Title is estopped from asserting any claim against the Third Party Defendants based upon any alleged misrepresentation made by the Third Party Defendants to Lawyers Title with respect to the property.

/s/ Thomas F. Munro, II
Thomas F. Munro, II
FBN: 382027
Lauren L. Valiente
FBN: 034775
FOLEY & LARDNER LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602-5810
P.O. Box 3391
Tampa, FL 33601-3391
813.229.2300
Fax: 813.221.4210
tmunro@foley.com
*Attorneys for Third Party Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 8, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

Cary A. Lubetsky, Esq.
Aniella Gonzalez, Esq.
Krinzman, Huss & Lubetsky
Mellon Financial Center, 29th Floor
1111 Brickell Avenue
Miami, FL 33131
cal@khllaw.com
ag@khllaw.com

Andrew H. Reiss, Esq.
David Allan Zulian, Esq.
Cheffy, Passidomo, Wilson & Johnson, LLP
821 Fifth Avenue S., Suite 201
Naples, FL 34102-6621
ahreiss@napleslaw.com
dazulian@napleslaw.com

Thomas F. Munro, II